**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. Case No.: 8:23-cr-97-WFJ-SPF

EVER EPINAYU-URIANA
_____________________________________/

**ORDER**

Citing Amendment 821 to the United States Sentencing Guidelines, Ever Epinaya-Uriana, USM#: 51970-510, moves, *pro se*, (Dkts. 101, 104, 107) for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On October 19, 2023, Ever Epinayu-Uriana was sentenced to 108 months under 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Mr. Epinayu-Uriana's total offense level was 33, and his criminal history was category I. His advisory sentencing range was 135–168 months. The Court granted the defense motion, to which the Government did not object, for a variance. The Court varied downward two levels below the guidelines range, in anticipation of the guideline amendments "that would allow for a two-level

decrease in the offense level" for being a zero points offender. Dkt. S-105 at 1, 6. The Bureau of Prisons reports that his projected release date is March 29, 2030.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is impermissible because Mr. Epinayu-Uriana received a sentence of 108 months, which was equal to the minimum of the amended guideline range (108 to 135 months). Dkt. S-105.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order. Dkt. 109. The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Mr. Epinayu-Uriana because "he is already sentenced to the low end of his amended guideline range [108 to 135 months]." *Id.* at 3. The Court provided 21 days for any *pro se* filing. Dkt. 110. Mr. Epinayu-Uriana did not file a response; however, three *pro se* motions were previously filed. *See* Dkts. 101, 104, 107.

In these filings, he seeks relief under the same amendment to 821 that the sentencing judge anticipatorily applied. *See* Dkt. S-105 at 6 ("The Court granted a two-level downward variance due to the anticipated changes to the sentencing guideline amendments that would allow for a two-level decrease in the offense level for having zero criminal history points."). Consequently, the sentencing judge gave Defendant the benefit of the 821 amendment, and he cannot now receive an additional two-level reduction (87 to 108 months).

Even if Defendant were eligible and even considering the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 108-month sentence. This case involved a marine narcotics smuggling venture aboard a vessel at sea. Mr. Epinayu-Uriana advised post-*Miranda* that he was recruited to captain a go-fast vessel ("GFV"), and this was his eighth maritime drug-smuggling venture. Dkt. S-105 at 12–13. His written plea agreement states that "Ever Epinayu-Uriana claimed to be the master of person in charge of the vessel." Dkt. 51 at 21. The vessel carried 165.3 kilograms of cocaine and attempted to flee at a high rate of speed while jettisoning bales of cocaine from the GFV until warning shots were fired by a U.S. Coast Guard helicopter. Dkt. S-105 at 12–13. To reduce Mr. Epinayu-Uriana's sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence

(see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Additionally, Defendant is a citizen of Colombia and subject to deportation upon release.

Lastly, Defendant also seeks the benefit of a "minor role" reduction based on an amendment that came into effect November 1, 2025. Dkt. 104 at 2. The Sentencing Guidelines were amended to expand the "minor-participant reduction under 3B1.2." *United States v. Martinez*, 172 4th 1306, 1315 (11th Cir. 2026); *see* U.S.S.G. App. C, Amend. 833 (eff. Nov. 1, 2025). Under the new special instruction, an adjustment under § 3B1.2 is "generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions" such as a courier, lookout, or distributor of user-level drug quantities. U.S.S.G. § 2D1.1(e)(2)(B). The Eleventh Circuit, however, determined that Amendment 833 is substantive and does not apply retroactively to sentencing. *Martinez*, 172 F.4th at 1316.

Even if the minor-role amendment were retroactive, Mr. Epinayu-Uriana does not satisfy the requirement that the defendant must be acting as a low-level courier or lookout or involved in the distribution of only user-level quantities for little compensation. Mr. Epinayu-Uriana advised post-*Miranda* that he was recruited to captain a GFV, and this was his eighth maritime drug-smuggling

venture. Dkt. S-105 at 12–13. Additionally, the GFV attempted to flee, and the U.S. Coast Guard helicopter fired warning shots.

Mr. Epinayu-Uriana's *pro se* motions (Dkts. 101, 104, 107) for a reduction in sentence are **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on August 19, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**